IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CR-72-FL-2
No. 4:16-CV-82-FL

| | |
|---|---|
| THOMAS MOSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (DE 92) and for reduction of sentence (DE 87), where he asserts the court should vacate his conviction for discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The government concedes that petitioner is entitled to § 2255 relief, and requests that the court set this matter for resentencing.

**BACKGROUND**

On January 13, 2015, petitioner pleaded guilty to: 1) conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. §1951 (count one), and 2) discharging a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A) and 2 (count two). On May 7, 2015, the court sentenced petitioner to an aggregate term of 133 months' imprisonment.

On May 17, 2016, petitioner filed the instant pro se motion for reduction of sentence. That same day, the court appointed counsel for petitioner pursuant to Standing Order 15-SO-02. On June 15, 2016, petitioner filed the instant motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255. Petitioner asserts that his § 2255 conviction should be vacated pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). On July 8, 2016, the court granted respondent's motion to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simms, No. 15-4640 (4th Cir. 2016). The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the United States Supreme Court's decision in United States v. Davis, No. 18-431 (2019). The Supreme Court decided Davis on June 24, 2019. The court entered order lifting the stay on July 18, 2019, and the parties completed supplemental briefing on September 19, 2019. The government concedes that petitioner's § 924(c) conviction should be vacated and the matter set for resentencing.

**COURT'S DISCUSSION**

Section 924(c)(1)(A) provides that a person who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime" or possesses a firearm "in furtherance of any such crime" may be convicted of both the underlying predicate crime and utilizing a firearm in connection with a crime of violence or drug trafficking offense. Upon conviction, the court must sentence the defendant to at least five years' imprisonment consecutive to the sentence imposed for the predicate crime of violence or drug trafficking crime. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B).

In Davis, the Supreme Court held that § 924(c)(3)(B) is unconstitutionally vague, relying in part on Johnson, which held a similar provision of the Armed Career Criminal Act is

unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). In Simms, the Fourth Circuit held that conspiracy to commit Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)(3)(A). United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019).

Here, the predicate crime of violence supporting petitioner's § 924(c) conviction is conspiracy to commit Hobbs Act Robbery. As set forth above, Simms and Davis establish that conspiracy to commit Hobbs Act Robbery no longer qualifies as a crime of violence under § 924(c)(3)(A), and that § 924(c)(3)(B) is unconstitutionally vague. Petitioner's § 924(c) conviction therefore is invalid. The government concedes petitioner is entitled to § 2255 relief in these circumstances, and asks that the court vacate petitioner's § 924(c) conviction and his sentence in its entirety.

Based on the foregoing, the court GRANTS petitioner's motions for reduction of sentence and to vacate (DE 87, 92), VACATES petitioner's conviction on count two, and VACATES petitioner's sentence in its entirety. Petitioner's conviction for conspiracy to commit Hobbs Act Robbery remains intact. The clerk is DIRECTED to schedule this matter for resentencing at the next available regularly scheduled term of court. Petitioner has waived his right to be present at the resentencing hearing (DE 118 & Ex. A.),[1] and therefore the parties do not need to ensure petitioner's attendance. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated sentencing recommendation memorandum, including recalculation of petitioner's corrected advisory guidelines range, within **seven days** of the date of resentencing.

---

[1] Petitioner also requests that the court resentence him through written order without hearing. The government, however, did not address this issue in its response. In the absence of government agreement to this approach, the court proceeds with full resentencing procedures with exception that petitioner has waived his right to be present at the resentencing hearing.

3

SO ORDERED, this the 10th day of October, 2019.

                                        LOUISE W. FLANAGAN
                                        United States District Judge